IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SODEXO AMERICA LLC,**

        Plaintiff,

v.

**CONCORDIA UNIVERSITY,**

        Defendant.

No. 3:20-cv-1880-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Before me is Plaintiff Sodexo America, LLC's Motion for Default Judgment [ECF 15]. For the following reasons, I GRANT the motion in part. Default judgment shall be entered against Concordia University in the amount of $631,938.99, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

## BACKGROUND

    Concordia and Sodexo entered into a Management Agreement. Christopher Elliott Aff. [ECF 17] Attach. A [hereinafter "MA"]. Concordia agreed to amortize over 20 years a $825,000 investment by Sodexo. MA ¶ 8.3(C). Concordia also agreed to reimburse the unamortized portion within five days after receipt of a notice of termination, to pay 1.5% interest on any past-due amount, and to repay Sodexo for any expenses, including attorney fees and court costs, incurred while collecting the past-due amount. MA ¶ 8.1. In April 2020, Concordia announced

1 – OPINION AND ORDER

that it planned to close and that it did not intend to honor the Management Agreement. Compl. [ECF 1] ¶ 12.[1] To date, Concordia has failed to pay the remaining balance or any interest. *Id.* ¶¶ 17, 19.

On October 30, 2020, Sodexo filed a breach-of-contract claim against Concordia. *Id.* ¶ 1. Concordia has failed to plead or otherwise defend, and the clerk has entered default against it. Clerk's Entry of Default [ECF 14]. Sodexo now moves for default judgment and seeks damages, attorney fees and costs, and post-judgment interest under 28 U.S.C. § 1961. Motion for Default Judgment [ECF 15] at 9. I grant the motion in part.

## DISCUSSION

### I.  Damages

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P 55(b)(1). A sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004).

Here, Sodexo's claim for damages is for the sum certain of $615,757.09—$552,296.02 of the original investment, plus $63,461.07 in unpaid interest. Elliott Aff. [ECF 17] ¶¶ 7, 11. In his affidavit, Mr. Christopher Elliott, the Vice President of Finance, Universities, for Sodexo, thoroughly explained how those numbers were calculated. *Id.* ¶¶ 7–8, 10–11. He also supported his numbers with the underlying contract and multiple invoices. *Id.* Attachs. A–C. No doubt

---

[1] I take as true the factual allegations of the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 660 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

2 – OPINION AND ORDER

remains as to the amount to which Sodexo is entitled, and default judgment in the amount of $615,757.09 must be entered.[2]

## II. Attorney Fees and Costs

Under the Management Agreement, Concordia agreed to "reimburse Sodexo for all costs and expenses, including but not limited to, court costs, attorney's fees and collection service fees." MA ¶ 8.1. Sodexo requests fees and costs totaling $25,828.90, including $24,376.00 in fees and $1,452.90 in costs. Alison Van Horn Decl. [ECF 16] ¶ 6.

"Reasonable attorney fees are not a sum certain calculation." *Tr. of the Glaziers v. Highland Glass*, No. 3:17-cv-1446-YY, 2018 WL 1710440, at *2 (D. Or. Apr. 6, 2018). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).

Upon review, I find that the requested costs of $1,452.90 are reasonable and supported by the record. In a declaration, counsel for Sodexo satisfactorily describes and calculates the costs associated with Sodexo's effort to collect what it claims to be owed. *See* Van Horn Decl. [ECF 16]. I also find the requested hourly rates for Sodexo's attorneys are reasonable and supported, as are the hours claimed by most of the attorneys. *Id.*

However, I find that Sodexo fails to meet its burden to submit evidence supporting the 32.7 hours claimed by David Mepham. Mr. Mepham, local counsel, was "used . . . in the review and filing of the Complaint, the Motion for Entry of Default, and the Motion for Default

---

[2] Even if entry of default judgment under Rule 55(b)(1) were not appropriate, the *Eitel* factors independently support entry of default judgment under Rule 55(b)(2). *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (listing factors). Although decisions on the merits are favored, the remaining factors weigh heavily in Sodexo's favor. *See id.*

3 – OPINION AND ORDER

Judgement, as well as service of the Summons and Complaint, and preparation of a notice of claim." *Id.* ¶ 4. Lead counsel, not Mr. Mepham, took lead on drafting the court filings. *Id.* ¶ 3.

Although this is clearly not a typical case in terms of service of process, the record does not support the reasonableness of the 32.7 hours Mr. Mepham claims to have spent reviewing and filing court documents, serving process, and preparing notice. For example, Mr. Mepham presents an aggrandized list of the 19 tasks he undertook. David S. Mepham Decl. [ECF 19] at ¶ 4(a)–(s). However, upon closer review, that number quickly begins to shrink. Some of these tasks are duplicative or subsets of other tasks. *Compare id.* ¶ 4(d) ("Research regarding how to bring a lawsuit against Concordia which is a dissolved corporation"), *with* ¶ 4(e) ("Research regarding how to properly serve a dissolved corporation), *and* ¶ 4(f) ("Research regarding how to serve a dissolved corporation via service on the Secretary of State . . . ."). Other tasks are mostly ministerial in nature and most likely would have been completed by paralegals and other assistants, such as process servers. *E.g., id.* ¶ 4(j) ("Coordinate all required follow up service including postings at various addresses, certified mailings and first class mailings.").

Sodexo has failed to meet its burden. I find that the Mr. Mepham's list and associated billing entries do not sufficiently support the reasonableness of billing 32.7 hours. Instead of the requested 32.7 hours, I accept 10 hours, which is a rough approximation of the irreducible core of what Mr. Mepham did as supported by the record.

In total, in addition to the $1,452.90 in costs, I find that $14,729.00 in attorney fees is reasonable and supported by the record, as reflected in the following chart:

| Attorney | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Michael K. Ross | $545.00 | 2.7 | $1,471.50 |
| Alison Van Horn | $465.00 | 16.0 | $7,440.00 |
| David Mepham | $425.00 | 10 | $4,250.00 |
| Ramon Henderson | $275.00 | 5.7 | $1,567.50 |
| | | | $14,729.00 |

4 – OPINION AND ORDER

### III. Post-Judgment Interest

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. §1961(a). Accordingly, post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

### CONCLUSION

I GRANT in part Sodexo's Motion for Default Judgment [ECF 15]. Default judgment shall be entered against Concordia in the amount $631,938.99, including $552,296.02 of the original investment, $63,461.07 in unpaid interest, $14,729.00 in attorney fees, and $1,452.90 in costs. Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

IT IS SO ORDERED.

DATED this 25th day of February, 2021.

MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER